[Cite as *State v. Wood*, 2011-Ohio-5568.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24588 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-3554 |
| v. | : | |
| | : | |
| MARK WOOD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
　　　　Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. #0082882, 36 North Detroit Street, Suite 104, Xenia, Ohio 45385
　　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}　Defendant-appellant Mark Wood pled no contest to one count of Domestic Violence, in violation of R.C. 2919.25(A), with two prior convictions for Domestic Violence, a felony of the third degree. He was convicted and sentenced to five years of community control sanctions, including 180 days incarceration in the local jail, with credit for time served.

From his conviction and sentence, Wood appeals.

{¶ 2}   Wood's appellate counsel has filed a brief under the authority of *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, indicating that he could not find any potential assignments of error having arguable merit.   By entry filed herein on July 29, 2011, we afforded Wood sixty days within which to file his own, pro se brief.   He has not done so.

{¶ 3}   As required by *Anders v. California*, we have independently reviewed the entire record, including the pre-sentence investigation report.   We have not found any potential assignments of error having arguable merit.

{¶ 4}   While the indictment was pending, the State filed a motion in limine seeking to introduce evidence of subsequent bad acts.   The State alleged that Wood made the following statement to the victim's brother while they both were incarcerated in the same jail: "If I have to spend one day in prison, I have somebody on deck to take care of your sister and nephew." This motion in limine had not been ruled upon when Wood pled no contest.   As part of a plea agreement, the State promised not to charge Wood with any additional offenses as a result of this alleged statement.

{¶ 5}   For its part, the trial court indicated to Wood that it would probably impose a sentence of five years of community control sanctions, with 180 days incarceration in the local jail.   The trial court complied fully with Crim. R. 11 in taking Wood's plea.

{¶ 6}   When the trial court asked for Wood's oral plea to the charge, the transcript records Wood's answer as: "(Indiscernible.)" We have listened to the audiovisual recording of the plea, and we cannot make out Wood's response, if any, to the trial court's asking him

"how do you plead?" But it is clear that the trial court heard him respond, and understood his response to be a plea of no contest. Furthermore, the trial court had Wood execute a written plea of no contest, which is in the record. Wood had informed the trial court that he had no difficulty in reading. We are satisfied, beyond reasonable doubt, that Wood did, in fact, plead no contest to the charge.

{¶ 7} At the sentencing hearing, a statement from the victim was read into the record, which concluded with the victim's statement that: "I feel prison time is the only thing that will show him enough is enough."

{¶ 8} The trial court heard from Wood's trial counsel and from Wood, himself. The trial court then imposed the sentence that it had previously indicated it would likely impose: five years of community control sanctions, to include 180 days incarceration in a local jail, with credit for 124 days served.

{¶ 9} We have found nothing in the record that would give rise to any assignment of error having arguable merit. We conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Adrian King
Mark Wood
Hon. Timothy N. O'Connell